■ LORRAINE E. HUGHES, Appellant, v JOANNE TURNER, Respondent. [655 NYS2d 441] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 30, 1995, as granted that branch of the defendant's motion which, in effect, was for summary judgment dismissing the cause of action to recover damages for negligence on the ground that the plaintiff

failed to establish that she sustained a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the defendant's motion which, in effect, was for summary judgment dismissing the cause of action to recover damages for negligence on the ground that the plaintiff failed to establish that she sustained a serious injury as defined by Insurance Law § 5102 (d) is denied, and that cause of action is reinstated.

The medical evidence submitted by the defendant in support of her motion established a prima facie case that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). However, the evidence submitted by the plaintiff in opposition to the motion establishing that she never returned to her job following the accident and that she received disability benefits from February 26, 1991, until July 8, 1991, raised a triable issue of fact as to whether she satisfied the "90-180 day rule" and thus whether she sustained a serious injury under Insurance Law § 5102 (d). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.