■ CATRESE PRESTON et al., Appellants, v CHERIF ZIANE et al., Respondents. [990 NYS2d 889]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dufficy, J.), dated January 9, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Catrese Preston did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff Catrese Preston (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). However, in opposition to the motion, the plaintiffs raised a triable issue of fact through the affirmation of Dr. Gregory Lieberman as to whether the injured plaintiff sustained a medically determined injury or impairment of a nonpermanent nature as a result of the subject accident which rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Hughes v Turner,* 237 AD2d 331 [1997]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.