■ REGINA RUSSO BRACCO, Respondent, v GHAZAL ZUHIR, Appellant, et al., Defendant. [996 NYS2d 540]—

In an action to recover damages for personal injuries, the defendant Ghazal Zuhir appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 22, 2013, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The appellant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, however, the plaintiff raised a triable issue of fact, inter alia, as to whether she suffered a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of her customary and usual daily activities during at least 90 out of the first 180 days following the subject accident (*see Manzanares v Aliev*, 62 AD3d 963, 964 [2009]; *Valdes v Fang Yun Hu*, 307 AD2d 1033 [2003]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.