Innocent v Golden Touch Transp. of NY, Inc. (2022 NY Slip Op 04902)

Innocent v Golden Touch Transp. of NY, Inc.

2022 NY Slip Op 04902

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-01792
 (Index No. 709998/18)

[*1]Cassandre Innocent, respondent, 
v
Golden Touch Transportation of NY, Inc., et al., appellants.

Molod Spitz & DeSantis, P.C., New York, NY (Alice Spitz and Marcy Sonneborn of counsel), for appellants.
Louis C. Fiabane, New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated February 26, 2021. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on February 4, 2018. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated February 26, 2021, the Supreme Court, inter alia, denied the defendants' motion, and the defendants appeal.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Karpinos v Cora, 89 AD3d 994, 995). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Bracco v Zuhir, 123 AD3d 753; Preston v Ziane, 120 AD3d 647).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court