■ MARIE MERCADO, Plaintiff, v TAMMY M. DOYLE et al., Defendants. (And a Third-Party Action.) (Action No. 1.) TAMMY DOYLE et al., Respondents, v MARIE A. RENZ, Defendant, and ACME BUS CORP., Appellant. (Action No. 2.) [747 NYS2d 772] ■

The appellant's medical proof established that the plaintiff Tammy Doyle did not sustain a "[p]ermanent consequential" or "[s]ignificant" limitation of use of her right knee or spine. Thus, the appellant established, prima facie, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The affidavit of the injured plaintiff's treating orthopedist,

submitted in opposition to the appellant's motion, stated that she had a full range of motion in her right knee. While a magnetic reasonance imaging report of the injured plaintiff's right knee indicated that there was the possibility of a meniscal tear, that finding was not confirmed by the orthopedist who subsequently performed arthroscopic surgery on the knee (*see Vignola v Varrichio,* 243 AD2d 464). Otherwise, the affidavit of the orthopedist was conclusory and speculative.

The affidavits of the injured plaintiff's chiropractors failed to establish the duration of the alleged limitations occasioned by her alleged injuries, and thus, failed to raise a triable issue of fact regarding a significant limitation of the use of the injured plaintiff's spine (*see Barbeito v Kesev Taxi,* 281 AD2d 379, 380). Accordingly, the appellant's motion for summary judgment should have been granted. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.