ROSALIE L. CALUÇCI et al., Appellants, v TERRY L. BAKER et al., Respondents. [750 NYS2d 675] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered July 23, 2001, which granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Rosalie L. Calucci (plaintiff) in an automobile accident in October 1995. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of their motion, defendants submitted plaintiff's medical records, including an X ray and MRI. Defendants thereby established that, although plaintiff's medical records contain objective evidence of a disc degeneration, there was no causal connection between that disc degeneration and the automobile accident. Defendants also submitted a sworn report from a physician who concluded, following an independent medical examination of plaintiff, that plaintiff had no permanent injuries from the automobile accident and that any current complaints of pain were unrelated to the accident. Defendants thus met their initial burden of establishing that plaintiff did not sustain a serious injury as a result of the automobile accident.

Contrary to the contention of plaintiffs, they failed to raise a triable issue of fact whether plaintiff sustained a serious injury of a permanent nature. The physician who conducted an independent neurological examination of plaintiff concluded that her disability was only mild, which is insufficient to satisfy the serious injury threshold (see Pantalone v Goodman, 281 AD2d 790, 791; Thousand v Hedberg, 249 AD2d 941), and the physician who conducted an electrophysiological study of plaintiff also failed to establish that she sustained more than a mild injury and failed to state that her injury was related to the

accident. Finally, plaintiffs failed to raise a triable issue of fact by the sworn report of plaintiff's chiropractor because he failed to state how the X rays and the electrophysiological study that he ordered supported his diagnosis that plaintiff had subluxation of the cervical and lumbar spine (see Nitti v Clerrico, 98 NY2d 345, 358). Although plaintiff's chiropractor observed muscle spasm and measured limitations of movement of the cervical and lumbar spine, he failed to specify the tests that he used to detect the spasm or to measure the limitations of movement and whether those tests were objective in nature (see id. at 357-358; Brown v Wagg, 280 AD2d 891, lv denied 96 NY2d 711; Lumpkins v Kendrick, 277 AD2d 1046).

Also contrary to the contention of plaintiffs, they failed to raise a triable issue of fact whether plaintiff sustained an injury of a nonpermanent nature under the 90/180 category of serious injury (see Insurance Law § 5102 [d]). Plaintiff, who was retired at the time of the accident, testified that, since the accident, she can no longer perform most of the housework that she previously performed, and she can no longer go on walks or picnics or go dancing. That testimony was sufficient to establish that plaintiff's usual activities were sufficiently curtailed for at least 90 out of the first 180 days following the accident (see generally Licari v Elliott, 57 NY2d 230, 236). Plaintiffs failed, however, to submit the requisite objective evidence of "a medically determined injury or impairment of a non-permanent nature" (§ 5102 [d]; see Nitti, 98 NY2d at 357) and to establish that the injury caused the alleged limitations on plaintiff's daily activities (see Dabiere v Yager, 297 AD2d 831). While the physician who conducted the independent neurological examination relied upon objective evidence of a degenerative condition, he failed to state that plaintiff's restrictions were medically indicated and causally related to the accident. "Instead of correlating the curtailment in plaintiff's activities to an injury sustained in the accident, plaintiffs' expert relied on that curtailment to conclude that the accident must have exacerbated the preexisting degenerative condition" (id. at 833; see also Hines v Capital Dist. Transp. Auth., 280 AD2d 768, 770). Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.