■ DALLAS RALEIGH, Respondent, v RODA RAM et al., Appellants, et al. Defendant. [874 NYS2d 258]—

In an action to recover damages for personal injuries, the defendants Roda Ram and Satwant Singh appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated August 4, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Roda Ram and Satwant Singh for summary judgment dismissing the complaint insofar as asserted against them is granted.

The appellants submitted an affirmation of their examining physician stating that, based upon his examination of the plaintiff, it was his opinion that the plaintiff had no permanent injury, limitation, or restriction. The physician tested the range of motion of, inter alia, the plaintiff's left shoulder, and found it to be normal. Moreover, he set forth the specifics of his measurements as well as the norms against which he compared them. Together with the remaining evidence submitted by the appellants, this was sufficient to establish the appellants' prima facie entitlement to judgment as a matter of law (*see Gaddy v Eyler*, 79 NY2d 955 [1992]; *Luckey v Bauch*, 17 AD3d 411 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005]; *Check v Gacevk*, 14 AD3d 586 [2005]).

The plaintiff's submissions in opposition failed to raise a triable issue of fact. Significantly, the plaintiff's primary physician failed to reconcile her conclusion that the plaintiff sustained a tear to his left shoulder, which concomitantly limited the shoulder's range of motion, with the operative report of the orthopedic surgeon who performed arthroscopic surgery on the

left shoulder two months after the accident, who not only found no limitations of motion, but also found no evidence of a tear or other condition attributable to the accident (*see Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Vishnevsky v Glassberg*, 29 AD3d 680 [2006]; *Doyle v Renz*, 297 AD2d 719 [2002]).

Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Mastro, J.P., Fisher, Florio and Eng, JJ., concur.