■ DAVID KARPINOS, Appellant, v PEDRO CORA, Respondent. [933 NYS2d 383]—

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that the cervical and lumbosacral regions of his spine, and his right knee, sustained certain injuries as a result of the subject accident, and the defendant submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use or the significant limitation of use categories (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). Furthermore, while the plaintiff also alleged that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), the defendant submitted evidence establishing, prima facie, that during the 180-day period immediately following the subject accident, the plaintiff did not have an injury or impairment which, for more than 90 days, prevented him from performing substantially all of the acts that constituted his usual and customary daily activities (*see Ranford v Tim's Tree & Lawn Serv., Inc.*, 71 AD3d 973, 974 [2010]).

In opposition, the plaintiff submitted medical reports that were not in admissible form, and, therefore, were insufficient to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *cf. Kearse v New York City Tr. Auth.*, 16 AD3d 45, 47 n 1 [2005]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.