■ Jose Nelson Hernandez, Respondent, v Lauren Raffetto et al., Appellants. [953 NYS2d 260]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered January 11, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder, left elbow, and right knee did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Resek v Morreale*, 74 AD3d 1043 [2010]; *Raleigh v Ram*, 60 AD3d 747, 747-748 [2009]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.