In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 20, 2012, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical, thoracic, and lumbar regions of the plaintiffs spine, and to her right shoulder, left shoulder, and left knee, did not constitute serious injuries within the meaning *866 of Insurance Law § 5102 (d) under the permanent consequential limitation of use or significant limitation of use categories, and that the plaintiff did not sustain a serious injury under the 90/ 180-day category of Insurance Law § 5102 (d) (see Karpinos v Cora, 89 AD3d 994, 995 [2011]).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.