■ BISHNOE ROGOOBEER, Respondent, v MILAGROS CARLO, Appellant. [961 NYS2d 802]—

In an action to recover damages for personal injuries and injury to property, the defendant appeals from an order of the Supreme Court, Queens County (Markey, J.), dated June 11, 2012, which denied her motion, in effect, for summary judgment dismissing the cause of action to recover damages for personal injuries on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant failed to meet her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers failed to adequately address the plaintiff's claim, clearly set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (cf. Calucci v Baker, 299 AD2d 897 [2002]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see generally Stukas v Streiter, 83 AD3d 18, 24 [2011]).

Accordingly, the Supreme Court properly denied the defendant's motion. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.