■ MARK COX, Respondent, v CECELIA SISTI, as Executrix of MICHAEL SISTI, Deceased, et al., Appellants. [971 NYS2d 876]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated April 23, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On December 5, 2007, the plaintiff allegedly was injured when

he was struck by the defendants' vehicle as he was crossing a street within a crosswalk. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) as a result of the subject accident.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's elbows and right knee did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Karpinos v Cora*, 89 AD3d 994, 995 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Resek v Morreale*, 74 AD3d 1043 [2010]; *Raleigh v Ram*, 60 AD3d 747, 747-748 [2009]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendants' remaining contention. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.