■ ANTONIO VACCHIO et al., Appellants, v CRAIG S. THALER et al., Respondents, et al., Defendants. [971 NYS2d 887]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated August 2, 2012, which granted the motion of the defendants Craig S. Thaler and Jeffrey L. Thaler for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Antonio Vacchio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Craig S. Thaler and Jeffrey L. Thaler for summary judgment dismissing the complaint insofar as asserted against them is denied.

The defendants Craig S. Thaler and Jeffrey L. Thaler (hereinafter the movants) failed to meet their prima facie burden of demonstrating that the plaintiff Antonio Vacchio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The movants' motion papers failed to adequately address the plaintiffs' claim, clearly set forth in the bill of particulars, that the plaintiff Antonio Vacchio sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *cf. Calucci v Baker*, 299 AD2d 897,

898 [2002]). Since the movants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Accordingly, the Supreme Court should have denied the movants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Antonio Vacchio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32118(U).]**