*600 The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar, cervical, and thoracic regions of the plaintiffs spine, and to her left knee, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendant also submitted evidence showing that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Cox v Sisti, 110 AD3d 668 [2013]; Karpinos v Cora, 89 AD3d 994, 995 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (see Thomason v Thomason, 40 AD3d 627, 628 [2007]; Borgella v D & L Taxi Corp., 38 AD3d 701, 701 [2007]; Nemchyonok v Peng Liu Ying, 2 AD3d 421, 421 [2003]).
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant’s remaining contention. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.