■ NADINE JACKSON, Appellant, v MOSES AGHWANA, Respondents. [980 NYS2d 145]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Greco, Jr., J.), entered April 22, 2013, which, upon an order of the same court dated March 22, 2013, granting the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, to the plaintiff's left shoulder, and to the plaintiff's left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua,* 59 AD3d 614 [2009]). The defendants also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see generally Karpinos v Cora,* 89 AD3d 994, 995 [2011]). The plaintiff failed to raise a triable issue of fact in opposition.

Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Lott, Roman and Miller, JJ., concur.