■ MIRIAM HERNANDEZ, Appellant, v CARLA A. SOLLO et al., Respondents. [990 NYS2d 888]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated December 21, 2012, which granted the motion of the defendant Hector Canelas and the separate motion of the defendants Carla A. Sollo and Anthony M. Marchese for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In addressing the plaintiff's claims that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), the defendants argued that the plaintiff's deposition

testimony established that during the 180-day period following the accident, the plaintiff did not have injuries or impairments which, for more than 90 days, prevented her from performing substantially all of the material acts which constituted the plaintiff's usual and customary daily activities (*see Karpinos v Cora*, 89 AD3d 994 [2011]). However, the plaintiff's deposition testimony actually revealed the existence of a triable issue of fact as to whether the plaintiff had such injuries or impairments (*cf. Cruz v Advanced Concrete Leasing Corp.*, 101 AD3d 666 [2012]). The plaintiff testified that she worked as a babysitter five to six days a week for approximately eight hours a day prior to the accident. However, after the accident, she was unable to continue working due to neck and hand pain. Under these circumstances, the defendants failed to adequately address the plaintiff's 90/180-day claims (*see Cohn v Khan*, 89 AD3d 1052 [2011]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Roman-Cabrera v THJ Transp. Corp.*, 107 AD3d 682 [2013]).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.