■ YOUNG MI HWANG, Appellant, v A.F. VASCONEZ-VALLEJO et al., Respondents. [2 NYS3d 521]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered April 15, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, to the plaintiff's left shoulder, and to the plaintiff's left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, these alleged injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants further submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see generally Karpinos v Cora*, 89 AD3d 994, 995 [2011]).

The plaintiff failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.