■ LILLIAN J. DEROSA, Respondent, v JACK ABESHOUSE et al., Appellants. [3 NYS3d 378]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Janowitz, J.), entered July 9, 2014, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to establish, prima facie, that during the 180-day period following the accident, the plaintiff did not have injuries or impairments which, for more than 90 days, prevented her from performing substantially all of the material acts constituting her usual and customary daily activities (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *see generally Hernandez v Sollo*, 120 AD3d 628 [2014]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.