■ MICHAEL SANTUCCI, Respondent, v JEFFREY SOUSA et al., Appellants, et al., Defendant. [16 NYS3d 469]—In an action to recover damages for personal injuries, the defendants Jeffrey Sousa and D&V Concrete, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 30, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Jeffrey Sousa and D&V Concrete, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted.

The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries to the cervical and thoracic regions of the plaintiff's spine were not caused by the subject accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The appellants further submitted evidence demonstrating, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident (*see Karpinos v Cora*, 89 AD3d 994, 995 [2011]).

The plaintiff failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.