■ Irina Solomatin, Appellant, v Brian Fisher et al., Respondents. [20 NYS3d 122]—In an action to recover damages

for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated June 6, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]). In light of the defendants' failure to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.