■ TAMMY LAIKUEN LAMTAM, Respondent, v LINDA E. GASSOSO et al., Appellants. [26 NYS3d 708]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Troia, J.), dated July 17, 2015, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.