■ SEAN M. PETERS, Appellant, et al., Plaintiff, v EUSTON A. RICE et al., Respondents, et al., Defendants. [40 NYS3d 275]—In an action to recover damages for personal injuries, the plaintiff Sean M. Peters appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered March 7, 2014, as granted that branch of the motion of the defendants Euston A. Rice and Roger W. Hall which was for summary judgment dismissing the complaint insofar as asserted by him against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the de-

fendants Euston A. Rice and Roger W. Hall which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sean M. Peters against them is denied.

The defendants Euston A. Rice and Roger W. Hall (hereinafter together the respondents) failed to meet their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the respondents failed to adequately address the appellant's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]).

Since the respondents failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the appellant in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

The respondents' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant against them. Austin, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.