■ ELAINE SMALL, Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Defendants, and SHERKU MANAGEMENT CORP. et al., Respondents. [49 NYS3d 176]—

In an action to recover damages for personal injuries, the plaintiff Elaine Small appeals (1) from an order of the Supreme Court, Kings County (Baynes, J.), dated October 27, 2014, which granted the motion of the defendant Alstead J. McBain for summary judgment dismissing the complaint insofar as asserted by her against that defendant on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2), as limited by her brief, from so much of an order of the same court, also dated October 27, 2014, as granted that branch of the motion of the defendants Sherku Management Corp. and Stanley R. Scott which was for summary judgment dismissing the complaint insofar as asserted by her against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the first order dated October 27, 2014, is affirmed; and it is further,

Ordered that the second order dated October 27, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendants Alstead J. McBain, Sherku Management Corp., and Stanley R. Scott (hereinafter collectively the moving defendants) met their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the appellant's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In addition, the moving defendants established, prima facie, that the appellant did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting a transcript of the appellant's deposition testimony, which demonstrated that she missed only one day of work following the accident (*see John v Linden*, 124 AD3d 598, 599 [2015]; *Marin v Ieni*, 108 AD3d 656, 657 [2013]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]). In opposition, the appellant failed to raise a triable issue of fact (*see McLoud v Reyes*, 82 AD3d 848, 849 [2011]; *Resek v Morreale*, 74 AD3d 1043, 1044 [2010]; *Raleigh v Ram*, 60 AD3d 747, 747-748 [2009]).

Accordingly, the Supreme Court properly granted the respective motions of the moving defendants for summary judgment dismissing the complaint insofar as asserted by the appellant against each of them on the ground that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.