Levitant v Beninati (2018 NY Slip Op 08475)





Levitant v Beninati


2018 NY Slip Op 08475


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08937
 (Index No. 23866/12)

[*1]Arkady Levitant, et al., appellants,
v
Doreen F. Beninati, et al., respondents.


Joel M. Gluck, New York, NY, for appellants.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy and John McLoughlin of counsel), for respondent Doreen F. Beninati.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated June 30, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident on June 13, 2010. The defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff Arkady Levitant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding his claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the submissions by the plaintiff Arkady Levitant in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
The defendants met their prima facie burden of showing that the plaintiff Revekka Levitant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d at 345; Gaddy v Eyler, 79 NY2d [*2]at 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of her spine and her right shoulder were not caused by the accident (see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, however, the plaintiffs raised a triable issue of fact as to whether these alleged injuries were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court