Chang Sun Ahn v Hyo Chung (2019 NY Slip Op 01052)





Chang Sun Ahn v Hyo Chung


2019 NY Slip Op 01052


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-04507
 (Index No. 704563/15)

[*1]Chang Sun Ahn, appellant, 
v
Hyo Chung, respondent.


Andrew Park, P.C., New York, NY (Alexander Berger of counsel), for appellant.
Martyn and Martyn, Mineola, NY (Megan Brady of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 6, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on June 20, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Since the defendant failed to meet his prima facie burden in this regard, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court