Ghaly v Umhafer (2019 NY Slip Op 07934)





Ghaly v Umhafer


2019 NY Slip Op 07934


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-11468
 (Index No. 600124/16)

[*1]Mimi B. Ghaly, et al., respondents, 
v
Patricia F. Umhafer, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall Sweetbaum], of counsel), for appellants.
Zimmerman Law, P.C., Huntington Station, NY (Gary R. Novins and Michael Zimmerman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered August 23, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Mimi B. Ghaly did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff Mimi B. Ghaly (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained by the injured plaintiff in a motor vehicle accident on January 28, 2013. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the motion, and the defendants appeal.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiffs' claim, set forth in the bill of particulars, that the injured plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the plaintiffs' submissions in opposition to the motion were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court