Owens-Stephens v PTM Mgt. Corp. (2021 NY Slip Op 00571)





Owens-Stephens v PTM Mgt. Corp.


2021 NY Slip Op 00571


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-12221
 (Index No. 13854/12)

[*1]Helen Owens-Stephens, respondent, et al., plaintiff, 
v
PTM Management Corp., appellant, et al., defendants.


Zaklukiewicz, Puzo & Morrissey, Islip Terrace, NY (Craig M. Dolinger of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant PTM Management Corp. appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 1, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Helen Owens-Stephens on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident on August 6, 2009. The defendant PTM Management Corp. (hereinafter the moving defendant) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Helen Owens-Stephens on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated August 1, 2019, the Supreme Court, among other things, denied that branch of the moving defendant's motion. The moving defendant appeals.
Insofar as relevant to this appeal, the moving defendant failed to meet its prima facie burden of showing that Owens-Stephens did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the moving defendant failed to eliminate triable issues of fact regarding Owens-Stephens's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Since the moving defendant failed to meet its prima facie burden, it is unnecessary to determine whether the papers submitted by Owens-Stephens in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court properly denied that branch of the moving defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Owens-Stephens on the ground that she did not sustain a serious injury within the [*2]meaning of Insurance Law § 5102(d) as a result of the accident.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court