■ ANGELA JIMENEZ et al., Appellants, v STACEY DARDEN et al., Respondents. [736 NYS2d 80] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered March 21, 2001, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Angela Jimenez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

In support of their motions for summary judgment, the defendants submitted evidence that the injured plaintiff was suffering from disc herniations at the C5-C6 and C6-C7 levels and limitations in the range of motion of her cervical spine. The defendants failed to demonstrate that the injured plaintiff's

herniated discs do not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Flanagan v Hoeg,* 212 AD2d 756, 757). The defendants failed to demonstrate through admissible evidence that the herniations were not related to the subject accident (*see, Chaplin v Taylor,* 273 AD2d 188; *Friedman v U-Haul Truck Rental,* 216 AD2d 266), or that the limited range of motion of the cervical spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437; *cf., Duldulao v City of New York,* 284 AD2d 296). Accordingly, the defendants failed to make out a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see, Boland v Dig Am.,* 277 AD2d 337). O'Brien, J.P., McGinity, Schmidt and Townes, JJ., concur.