■ Rosa M. Fernandez, Appellant, v Xie Jian Gao et al., Respondents. [979 NYS2d 664]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Silber, J.), dated May 22, 2012, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) an order of the same court dated October 11, 2012, which denied her motion for leave to renew and reargue her opposition to the defendants' motion.

Ordered that the appeal from so much of the order dated October 11, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated October 11, 2012, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated May 22, 2012; and it is further,

Ordered that the order dated May 22, 2012 is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see id.).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.