Rodriguez v McCullough (2020 NY Slip Op 03395)





Rodriguez v McCullough


2020 NY Slip Op 03395


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-00125
 (Index No. 609923/16)

[*1]Angel Rodriguez, appellant, 
v
Deborah McCullough, respondent.


Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for appellant.
Sette & Apoznanski (Gentile & Tambasco, Hicksville, NY [Yamile Al-Sullami], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered December 5, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on November 5, 2016. The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
The defendant failed to meet her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant's submissions failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in his bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Specifically, the defendant's reliance upon the plaintiff's deposition testimony is insufficient to demonstrate that the plaintiff, who is retired, was not prevented from performing his usual and customary daily activities during the requisite period as the plaintiff testified, among other things, that since the accident, he cannot walk or sleep the way he used to, cannot lift anything heavy, including his grandchildren, and can no longer paint or mop. While the plaintiff's deposition testimony mentioned the limitations to his post-accident activities, it failed to describe how he performed these activities prior to the accident. [*2]Since the defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury under the 90/180 category, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court