Blackmon v New York City Tr. Auth. (2022 NY Slip Op 50796(U))

[*1]

Blackmon v New York City Tr. Auth.

2022 NY Slip Op 50796(U) [76 Misc 3d 129(A)]

Decided on August 12, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 12, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-313 Q C

Ornetta Blackmon, Respondent,
against
New York City Transit Authority and Metropolitan Transportation
Authority, Appellants, John Doe, Defendant. 

NYCTA Law Department-Torts (Timothy J. O'Shaughnessy of counsel), for appellants.
Mallilo & Grossman (Gary Caliendo of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Claudia
Lanzetta, J.), dated April 8, 2021. The order, insofar as appealed from, upon, in effect,
consolidating for purposes of disposition a motion by defendants the New York City Transit
Authority and Metropolitan Transportation Authority for summary judgment dismissing the
complaint on the issue of liability with a motion by those defendants for summary judgment
dismissing the complaint based upon serious injury, denied the branch of each motion seeking
summary judgment dismissing so much of the complaint as was asserted against the New York
City Transit Authority.

ORDERED that so much of the appeal as was by defendant Metropolitan Transportation
Authority is dismissed as that defendant is not aggrieved by the order; and it is further,
ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries she sustained when she was
thrown to the ground after the New York City Transit Authority bus she boarded stopped [*2]short. Defendants New York City Transit Authority (NYCTA) and
the Metropolitan Transit Authority (MTA) (together, "defendants") served an answer and
discovery was conducted. Thereafter, defendants jointly made two motions: (1) to dismiss the
complaint based on liability and (2) to dismiss the complaint on the threshold ground that
plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102. 
In support of the first motion, defendants relied on plaintiff's deposition testimony that the
bus "took off" and then the driver "slammed on his brakes." In support of the second motion,
defendants argued that plaintiff did not sustain a serious injury and submitted affirmed medical
reports finding no serious injury related to the accident. In opposition to the first motion,
plaintiff's counsel relied on plaintiff's deposition testimony and her affidavit in support wherein
she affirmed that the bus driver "abruptly slammed on the brakes in a violent manner" which
caused her to go "flying backwards" and her feet to come off the ground. In opposition to the
second motion, plaintiff submitted affirmed reports of her treating doctors wherein they averred
that plaintiff sustained a disability with evidence of permanency as a result of the accident and
plaintiff's deposition testimony that she was unable to perform her normal activities in 90 of the
first 180 days after the accident.
The Civil Court denied the motion on liability, stating that plaintiff's testimony describing
the abrupt stop by the bus was sufficient to defeat the motion for summary judgment on liability,
but dismissed so much of the complaint as was asserted against the MTA on the ground that it is
not a proper party. The court also denied the threshold motion, stating that the affirmed reports
submitted by both parties present contradictory evidence, and thus created material issues of fact.
While both NYCTA and MTA filed a notice of appeal, only NYCTA filed a brief.
To establish a prima facie case of negligence against a common carrier for injuries sustained
by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the
movement was " 'unusual and violent' " (Urquhart v New York City Tr. Auth., 85 NY2d
828, 830 [1995], quoting Trudell v New York R. T. Corp., 281 NY 82, 85 [1939]), rather
than merely one of the sort of "jerks and jolts commonly experienced in city bus travel"
(Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Mezarina v City of New
York, 181 AD3d 906 [2020]). Moreover, a plaintiff may not satisfy that burden of proof
merely by characterizing the stop as "unusual and violent" (see Golub v New York City Tr.
Auth., 40 AD3d 581, 582 [2007]). However, in seeking summary judgment dismissing such
a cause of action, common carriers have the burden of establishing, prima facie, that the stop was
not "unusual and violent" (see Mayorga v Nassau Inter—County Express [Nice]
Bus, 178 AD3d 1030, 1031 [2019]). Here, there is no reason to disturb the court's finding
that defendants failed to make a prima facie showing of entitlement to summary judgment on
liability.
We also agree with the Civil Court that the evidence presented by the parties created material
issues of fact as to whether plaintiff suffered a serious injury under the permanent consequential
limitation of use of a body organ or member and a significant limitation of use of a body function
or system categories of Insurance Law § 5102 (d). With respect to the 90/180-day category
of Insurance Law § 5102 (d), the papers submitted in support of the threshold motion [*3]failed to adequately address plaintiff's claim, set forth in the bill of
particulars, that plaintiff had sustained a medically determined injury or impairment of a
nonpermanent nature which prevented her from performing substantially all of the material acts
which constituted her usual and customary activities for not less than 90 days during the 180 days
immediately following the subject accident (see Insurance Law § 5102 [d];
Fernandez v Xie Jian Gao, 114 AD3d 637 [2014]; Che Hong Kim v Kossoff, 90
AD3d 969 [2011]). As the examinations of plaintiff relied upon in the threshold motion were
conducted more than 18 months after the accident, the experts did not relate their medical
findings to this category of serious injury for the period of time immediately following the
accident (see Kapeleris v Riordan, 89 AD3d 903 [2011]). In addition, plaintiff's
deposition testimony relied upon by defendants similarly did not address plaintiff's usual and
customary activities during the 90/180 period. Consequently, defendants failed to establish,
prima facie, that plaintiff did not sustain a serious injury under the 90/180-day category of
Insurance Law § 5102 (d) (see Hall v Stargot, 187 AD3d 996 [2020]; Reid v
Edwards-Grant, 186 AD3d 1741 [2020]; Jong Cheol Yang v Grayline NY Tours, 186
AD3d 1501 [2020]).
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2022