Anagnostopoulos v Rosenman (2023 NY Slip Op 05241)

Anagnostopoulos v Rosenman

2023 NY Slip Op 05241

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-09269
 (Index No. 604163/19)

[*1]Michael Anagnostopoulos, respondent, 
v
Hillel B. Rosenman, appellant (and a third-party action).

Martyn, Martyn, Smith, Murray & Yong, Hauppauge, NY (Jessica Weber of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated December 10, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated December 10, 2021, the Supreme Court denied the motion. The defendant appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant's submissions failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Despinos-Cadet v Stein, 209 AD3d 978, 980; Hall v Stargot, 187 AD3d 996, 996; Rodriguez v McCullough, 184 AD3d 735, 735).
Since the defendant failed to meet his prima facie burden, it is not necessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court