**Snipes v Riaz**

2024 NY Slip Op 34288(U)

December 3, 2024

Supreme Court, Kings County

Docket Number: Index No. 530257/2022

Judge: Kerry J. Ward

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part ___3___

CHARRICE E. SNIPES,

                                        Plaintiff,

                -against-

MOHAMMAD RIAZ.,

                                        Defendant.

Index Number___530257/2022___
Seq. 001
Calendar No. 49

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

**NYSCEF Docs. Numbered**
Notice of Motion/Order to Show Cause and Affidavits
Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __22-33__
Answering Affidavits . . . . . . . . . . . . . . . . . . . . . __34-41__
Replying Affidavits . . . . . . . . . . . . . . . . . . . . . . . __42-44__
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __Var__
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . __Var__

Upon the papers before the Court, and having heard oral argument,

It is hereby ORDERED as follows:

Defendant Riaz moves (mot. seq. 1) for an Order pursuant to CPLR section 3212 granting the defense summary judgment as they allege plaintiff Charrice E. Snipes has failed to satisfy the threshold requirement of Insurance Law section 5102(d), or in the alternative, an Order pursuant to CPLR section 3212 which dismisses any/all sub-portions of Insurance Law section 5102(d) which are not viable as a matter of law.

## Factual Allegations and Expert Testimony

Plaintiff Snipes seeks to recover damages for personal injuries stemming from a July 2021 motor vehicle accident, in which defendant Riaz was the owner and operator of the offending motor vehicle that came into contact with plaintiff's vehicle.

Dr. Leonid Reyfman, plaintiff's treating physician, examined plaintiff approximately three to four months immediately following the subject accident. He also examined plaintiff multiple times in the months that followed. On August 12, 2024, Dr. Reyfman examined plaintiff and submitted an updated report based upon his objective clinical findings, medical diagnostic assessments of plaintiff's history, physical examinations, review of plaintiff's medical records and diagnostic tests, and subjective complaints made by plaintiff. Dr. Reyfman concluded that there is a direct causal relationship between the subject accident and the patient's current injuries (*Report of Dr. Reyfman, Exhibit B*, NYSCEF Doc. 38). In his report, he additionally stated the following:

"...based on review of her medical records, diagnostic test results, the final diagnosis,
activities of daily living assessment, prognosis, and future treatment...The patient is a 35-

1

[* 1]

year-old female, who sustained injuries to her neck, lower back, and left knee as a result of a MVA accident on 07/30/2021.

She complained of lower back pain. Pain scale: 2-3 out 10, intermittent, dull, aching, sharp, shooting, burning. Pain is exacerbated by mechanical type activities including standing, sitting, bending forward, lifting, and twisting, whereas standing and walking worsen leg pain. She complained of neck pain. Pain scale: 7 out 10, intermittent, and is made worse with neck flexion and lateral rotation. Additionally, the quality of the pain is described as sharp deep pain and pressure around the neck. She complained of left knee pain. Pain scale: 8 out of 10, intermittent, dull, sharp pain. Pain is exacerbated by mechanical type activities including standing and walking" (*Id.*)

Dr. Reyfman also opined that plaintiff's impairments are defined as conditions that interfere with an individual's "activities of daily living," and that with a reasonable degree of medical certainty, plaintiff's injuries are permanent in nature and that they are significant and serious, as she has lost the functional capacity of her neck, lower back and left knee as a result of the accident. He added that plaintiff's injuries are permanent and progressive in nature, and her complaints will be subject to periods of exacerbation which will require physical therapy, pain management visits and various steroid injections multiple times a year for the remainder of her life. (*Id.*) Plaintiff was also examined by Dr. Jordan Fersel, who reported consistent findings and conclusions with that of Dr. Reyfman (*Report of Dr. Fersel, Exhibit C,* NYSCEF Doc. 39).

On March 6, 2024, plaintiff was also examined by board-certified orthopedic surgeon, Dr. Matthew S. Mendez-Zfass, retained by the defense, who conceded that based on a review of plaintiff's file, medical history and performing a physical examination, that plaintiff's diagnosed injuries are causally related to the subject accident (*Exhibit B,* NYSCEF Doc. 26). In his report, Dr. Mendez-Zfass submitted that he measured full range of motion with no positive orthopedic findings and opined that the patient presented with resolved sprains/strains and no orthopedic disability. He additionally opined that the plaintiff's cervical spine strain, lumbar spine strain, and left knee sprain were all resolved. The orthopedic examination report also noted that the patient stated that she missed "a few days" from work following the accident. (*Id.*) It should be noted that Dr. Mendez-Zfass examined the plaintiff over two and a half years after the accident occurred, and his findings reflect her current condition, and not that of her condition immediately or within a reasonable time after the accident.

In Dr. Mendez-Zfass's report, he noted that plaintiff stated the following:

"The individual stated that she feels plain in the neck and left knee…When asked if she feels better now compared to when she started treatments, she replied, "Yes." She also

2

stated that her pain relief lasted "maybe a day" after her treatments. On a pain scale from 1 to 10 (10 being the worst) her pain is a 7. She indicated she took Tylenol today. She describes her pain as burning, stabbing, and locking. She has shooting pain (body parts not specified). She can walk 2 city blocks before being in too much pain. She sometimes has difficulty with stairs. When asked how long she could sit before being in too much pain, she answered, "Never." Sleeping and standing make the pain worse. She also experiences clicking, buckling, and tingling."" (*Id.*)

## Serious Injury and 90/180-Day Claim

On a "serious injury" threshold motion for summary judgment, it is the defendant's initial burden to submit prima facie, competent medical evidence, that plaintiff has not sustained a "serious injury" and that plaintiff's injuries are not causally related to the accident (See *Kelly v. Ghee*, 87 A.D.3d 1054, 929 N.Y.S.2d 763 [2d Dept. 2011]; *Jiminez v. Darden*, 290 A.D.2d 419, 736 N.Y.S.2d 80 [2d Dept. 2001]). In the instant case, the Court finds the medical report submitted by plaintiff's expert, Dr. Reyfman, is in direct contrast to that of defense's expert, Mr. Mendez-Zfass, demonstrating that there is a material issue of fact as to whether plaintiff sustained a serious injury as defined under Insurance Law §5102(d).

In order to prevail on a threshold motion for summary judgement, defendant must establish prima facie that plaintiff did not sustain a medically determined injury that prevented them from performing their usual and customary daily activities for not less than 90 days out of the 180 days immediately following the motor vehicle accident (*See Che Hong Kim v. Kossoff*, 90 AD3d 969 [2nd Dept. 2011]).

The Court finds that Dr. Mendez-Zfass failed to establish that plaintiff's customary and usual activities were not limited for at least 90 days during the first 180-day period following the accident, as the report only addressed plaintiff's condition as of the time of the examination, not during the 180-day period immediately after the accident.

In addition to Dr. Mendez-Zfass's report, in order to establish that plaintiff failed to demonstrate a significant restriction in their daily activities for 90 out of the first 180 days since the accident, defendant relied on statements made in plaintiff's deposition testimony and in her Supplemental Bill of Particulars to prove that plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law §5102(d). Defendant noted that as per the Supplemental Bill of Particulars from February 2023, plaintiff alleged that she was incapacitated from work for approximately two weeks (*Supplemental Bill of Particulars*, NYSCEF Doc. 9). Plaintiff's deposition

3

was conducted on August 22, 2023, over two years after the accident occurred. Defendant noted that as per the plaintiff's sworn deposition testimony, she missed three weeks to a month of work in the first two years post-accident, and she does not recall exactly how many days she missed in the first three months after the accident. However, the Court finds that plaintiff's claims in her supplemental Bill of Particulars and her deposition testimony do not eliminate triable issues of fact with regard to the 90/180-day requirement.

During her deposition, the Court notes that plaintiff stated that a week or so after her accident, plaintiff's primary doctor referred her to physical therapy for her complaints of pain in her left knee, left elbow and neck, during which she underwent acupuncture, massage therapy and chiropractic treatment two to three times a week. She was also administered cortisone shots for pain in her knee and in her neck. Plaintiff averred that she felt pain on and off for at least four months after her accident. During her deposition, plaintiff stated that her neck pain during the interview was at a seven on a scale of one to ten (*Plaintiff's EBT, Exhibit C,* NYSCEF Doc. 27).

During her deposition, plaintiff also detailed that she was the owner of a life coaching business called "Fidem Improvements," in which she interacts with clients who have mental health issues and drug abuse and addiction problems. She has been operating this business for ten to twelve years. When asked if she was unable to do work for Fidem Improvements after the accident as a result of her injuries at any time, the plaintiff stated:

> "…it affected how I did the work, but it didn't stop me being able to do it…Because instead of me being able to actually go and meet people, like, how I usually do, I prepare meals and things like that. It had me doing third party. So instead I had more conversations by phone and then I was like ordering and sending stuff, having people dropping off instead of me actually doing it.

> Most of [the work] was physical because it was, you know, me being able to provide and do for them. I was driving, I was using my car, to make it easier. It was just being able to meet up with my clients, see them face-to-face whether it was to do lunch, to take a walk. It was actually me being able to physically be there." (*Id.*)

The evidence set forth by plaintiff tends to show that as a result of plaintiff's injuries, her ability to perform customary and usual activities for her business was impacted immediately after the accident for a period longer than 90 days during the first 180-day period following the accident, and that her customary and usual activities have been impacted to this day. Thus, defendant's submissions failed to eliminate triable issues of fact regarding plaintiff's claim that she sustained a serious injury

4

[* 4]

under the 90/180–day category of Insurance Law § 5102(d) (*Hall v. Stargot*, 187 A.D.3d 996, 996, 131 N.Y.S.3d 250, 251 [2020]).

In defendant's Affirmation in Support of his motion, he sets forth that plaintiff alleged soft tissue style injuries in her Bill of Particulars (*Defendant's Affirmation in Support*, NYSCEF Doc. 24). Plaintiff's claim as set forth in the Bill of Particulars also includes serious injuries to her cervical spine, lumbar spine, left knee and left hip. Defendant's affirmation does not address plaintiff's claims for the remaining serious injuries alleged by plaintiff. Within the affirmation, defendant also acknowledges that plaintiff was treated for six consecutive months after her accident, but did not sufficiently explain why this is not evidence of a medically determined injury. (*Id.*) Moreover, the Court notes that plaintiff only stopped treatment as the cost was no longer being covered by her medical insurance provider, not because the treatments were no longer necessary (*Plaintiff's EBT, Exhibit C*, NYSCEF Doc. 27). As defendant's evidence did not sufficiently address the claims raised in plaintiff's Bill of Particulars, defendant failed to establish prima facie that plaintiff did not sustain a medically determined injury that prevented them from performing their usual and customary daily activities for not less than 90 days out of the 180 days immediately following the motor vehicle accident (*See Che Hong Kim v. Kossoff*, 90 AD3d 969 [2nd Dept. 2011]).

Based upon the papers before the Court, and after hearing oral argument, defendant's motion for summary judgment (mot. seq. 1) is hereby DENIED due to outstanding issues of material fact.

This hereby constitutes the Decision and Order of the Court.

DATED: 12/3/24

ENTER:

KW
_____
HON. KERRY J. WARD, A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.